Argued and submitted June 15, reversed and
remanded for further proceedings October 5, 1981

MARTINEZ,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(No. 80-S-2738, CA A20304)

634 P2d 268

Peter Fels, Oregon Legal Services Corporation, Ontario, argued the cause and filed the brief for petitioner.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board (Board) disqualifying him from unemployment benefits for an eight-week period pursuant to ORS 657.176(2)(d). The Board found that the petitioner failed without good cause to apply for available and suitable work when referred by an employment office. We find that the Board failed to consider all the relevant statutory criteria in determining whether the work to which petitioner was referred was "suitable" and, therefore, reverse and remand for further proceedings.

Petitioner became unemployed on July 14, 1980. At that time, he reported to the local employment office and advised them that he was primarily looking for a job as a mechanic, as a truck driver or in delivery or sales work. On September 5, the employment office referred him for a one day farm labor job. The job paid $3.25 an hour and involved cleaning corrugated pipe. Petitioner declined the job. He testified at the subsequent hearing that he refused to apply for the job because it was only for one day, the pay was low and it was not the type of work he was looking for. There is also some indication that petitioner was concerned about the effect that one day of employment would have on his unemployment benefits. Petitioner admitted that he had applied for farm work on two previous occasions and that he had previously accepted one day of work cleaning out a back yard. He testified that he had looked and applied for many jobs, primarily in the area of mechanics, service work and as a truck driver for local farmers.

Petitioner's work history has been varied. Prior to 1978, petitioner had worked as a gas station attendant, a truck driver, and as a cleaning person in a sugar factory. He then received two years of training as an automotive mechanic at a community college. After he finished school he worked in a transmission repair shop for eight months ending in March, 1980. His rate of pay there was $5.00 per hour. He was thereafter employed by a rental company for three months. While at the rental company, petitioner worked as a counter clerk and as a mechanic servicing the rental equipment; the mechanical work was approximately 30 percent of his work. This job was petitioner's last

before he applied for unemployment benefits. His closing rate of pay at the rental firm was $3.75 per hour.

After refusing to accept the pipe cleaning job, petitioner received an administrative determination from the Employment Division denying him benefits. After a hearing, a referee affirmed the Division. Petitioner appealed to the Board. The Board upheld the referee's decision disqualifying the petitioner from unemployment benefits. The Board reasoned as follows:

"OAR 471-30-038(6) provides that good cause for refusing the referral exists when a reasonable and prudent person, exercising ordinary common sense, would refuse to apply for work to which he was referred. That Administrative Rule further provides that the provisions of ORS 657.190 shall be considered in determining whether or not the work is suitable. That section of the law provides that various factors that should be considered are the degree of risk involved to the claimant's health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing work locally in his customary occupation. *It appears from this record that the majority of the claimant's recent work experience is of a casual nature. It has not been established that he has any particular career experience in one field of work.* Although the claimant is seeking employment as a retail clerk or a truck driver, he does not have a great deal of experience in that field and has worked in other jobs requiring different skills and lasting a shorter period of time.

"It appears from this record that the claimant's reasons for refusing the referral of work concern his lack of knowledge about whether or not the one day of employment would have reduced his unemployment benefits, and because of the rate of pay. It has not been shown that the rate of pay is substantially below the prevailing rate of pay for this type of work. Also, it does not appear that the claimant attempted to clear up any questions he had concerning reduction in his unemployment compensation benefits with his local employment office. We find that a reasonable and prudent person in this situation, would not have refused this referral work. We therefore impose a disqualification from benefits." (Emphasis supplied.)

On appeal, petitioner contends that the Board's order is not supported by substantial evidence. Specifically,

petitioner challenges the Board's conclusion that the majority of his recent work experience is of a casual nature and that he has not established that he has any particular career experience in one field of work. Petitioner claims further that, considering his prior experience and training, the length of time of his unemployment and the difference in pay between his prior position and the one day farm labor job, that job was unsuitable. The Division argues that the term "suitable work" is a term that is to be interpreted and applied by the Division on a case by case basis, as opposed to a term that must be defined by a prior rule, *see Springfield Education Assoc. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980),[1] and that the Board's determination in this case correctly applies that term and is supported by substantial evidence.

ORS 657.176(1)(d) provides that, if an

"* * * individual [has] failed without good cause to apply for available suitable work when referred by the employment office * * *"

he or she is disqualified from unemployment benefits for a period of eight weeks. ORS 657.190 lists those factors that are to be considered in determining whether work is suitable for an individual. That statute provides:

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training,

---

[1] In *Springfield Education Assn v. School Dist.,* 290 Or 217, 223, 621 P2d 547 (1980), the court noted that there are three categories of statutory terms, which it summarized as follows:

"(1) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

"(2) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"(3) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegation."

An agency may express its interpretation of inexact terms by formal rule or on a case by case basis. 290 Or at 226. Terms of delegation require formal rules. 290 Or at 229-230. *See also, McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979); *Megdal v. Board of Dental Examiners,* 288 Or 293, 605 P2d 273 (1980).

his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

ORS 657.195 lists certain exceptions, not relevant to the case before us, to what might otherwise be suitable work.[2] OAR 471-30-038 defines "good cause" for refusing to apply for a job:

"Good cause as used in ORS 657.176(2)(d) and (e) is such that a reasonable and prudent person, exercising ordinary common sense, would refuse to apply for available suitable work when referred by the employment office or accept suitable work when offered by the employer. In determining disqualification under this section, consideration shall be given to suitable work factors and exceptions as set forth in ORS 657.190 and 657.195."

OAR 471-30-036(1)(a) provides:

"(1) In considering suitable work factors under ORS 657.190 and for purposes of determining eligibility under ORS 657.155(1)(c), the Administrator may require an individual to actively seek the type of work the individual is most capable of performing due to prior job experience and training except that:

"(a) If an individual is unable to secure his customary type of work after contacting the potential employers in the labor market where benefits are being claimed, the Administrator may require the individual to seek less desirable but similar work or work of another type which

---

[2] ORS 657.195 provides:

"Notwithstanding any other provisions of this chapter, no work is deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

"(a) If the position offered is vacant due directly to a strike, lockout or other labor dispute.

"(b) If the remuneration, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.

"(c) If as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining any bona fide labor organization.

"(2) On and after November 8, 1938, and for the purposes of this chapter only, this section shall have the same meaning as the provisions of section 3304(a)(5) of the United States Internal Revenue Code."

the individual is capable of performing by virtue of experience and training."

■ ■    From the above rules, suitable work appears to mean, at least in the first instance, an individual's "customary work." An individual's customary work would be his or her usual line of work, *i.e.,* the work he or she most commonly performs. Given the statutory and regulatory criteria, other factors will also influence the determination of what is suitable, *e.g.,* a person's prior earnings, the length of unemployment, prospects for securing his or her customary occupation, and the like. Thus, work may become suitable, not because it is the claimant's usual or customary type of work, but because claimant has been unemployed for a substantial length of time and is not likely to secure a job in the customary occupation in the near future. The rules do not indicate at what point an individual may be required to seek other than customary work.

■    As already noted, the focus of the petitioner's attack here is on the Board's conclusion that "* * * the majority of [his] *recent* work experience is of a casual nature." (Emphasis supplied.) This conclusion may fairly be derived from the Board's findings of fact,[3] as those findings are stated. The problem lies in the fact that the findings, as stated, are chronologically misleading.

The crucial finding, number 3, states that,

"Prior to [his last job, which lasted three months], the claimant had worked as a service station attendant, transmission service person, truck driver, and as a cleaning person in a sugar factory."

---

[3] The Board's findings of fact in their entirety are as follows:

"(1) The claimant has worked as a clerk for Ontario Rentals with that work coming to an end in mid-July, 1980. (2) He worked on that job for approximately three months and was paid at a closing rate of $3.75 per hour. (3) Prior to this, the claimant had worked as a service station attendant, transmission service person, truck driver, and as a cleaning person in a sugar factory. (4) Claimant is seeking work as a mechanic and retail sales person. (5) On approximately September 5, 1980, the claimant was referred by the local employment office for a job which would last one day. (6) He was to perform work cleaning corrugated pipe. (7) The claimant refused this referral of work because it was for only one day, because it paid only $3.25 an hour, and because he felt it would jeopardize his unemployment compensation benefits. (8) Prior to this time, the claimant had accepted employment lasting one day.

All the evidence shows that the only one of the jobs listed in finding 3 which claimant had held "recently" was the job as a transmission repairman. Claimant held all the other jobs referred to in the finding prior to his two years of education as an automotive mechanic. The Board's conclusory description of the facts, therefore, is not supported by substantial evidence. It follows that the next statement in the Board's order, to the effect that it has not been shown that petitioner "has any career experience in one field of work," is wide of the mark.

Having said that the Board has mischaracterized the facts does not end our inquiry, however, because it is not clear whether the Board's erroneous characterization of the facts played any role in the outcome of this case. The Board's concluding paragraph states:

"It appears from this record that the claimant's reasons for refusing the referral of work concern his lack of knowledge about whether or not the one day of employment would have reduced his unemployment benefits, and because of the rate of pay. It has not been shown that the rate of pay is substantially below the prevailing rate of pay for this type of work. Also, it does not appear that the claimant attempted to clear up any questions he had concerning reduction in his unemployment compensation benefits with his local employment office. We find that a reasonable and prudent person in this situation, would not have refused this referral work. We therefore impose a disqualification from benefits."

From this, one can conclude that the Board considered the work offered to petitioner to be "suitable" under the circumstances, no matter what claimant's background was. If this is the Board's conclusion, then its erroneous discussion of petitioner's work background is superfluous. Unfortunately, we cannot determine what role the factual mischaracterization played, and we are not permitted to presume it played none at all. *See Palen v. State Bd. of Higher Education,* 18 Or App 442, 525 P2d 1047, *rev den* (1974).

Our analysis requires that this case be remanded to the Board for reconsideration. The Division, however, asks that we perform a further task. It asks that we consider and determine into which of the three *Springfield*

categories—terms of settled meaning, inexact terms, or terms of legislative delegation—the phrase "suitable work" falls. In view of the disposition we make of this case, we do not believe resolution of this further issue is necessary in this case. Absent that necessity, we decline to offer an advisory opinion.

Reversed and remanded for further proceedings.