Argued and submitted July 15, 1981, reversed and
remanded for reconsideration February 2, 1982, petition
for attorney fee award denied August 10, 1983
(64 Or App 260, 668 P2d 430)

GRIFFIN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 81-AB-79, CA A20425)

639 P2d 1294

Angelo Gomez, Staff Attorney, Oregon Legal Services
Corporation, Hillsboro, argued the cause and filed the brief
for petitioner.

James C. Rhodes, Assistant Attorney General, Salem,
argued the cause for respondent Employment Division.
With him on the brief were Dave Frohnmayer, Attorney
General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent Beaverton School Dis-
trict.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment compensation case in which petitioner, who had previously worked as an instructional assistant and groundskeeper with the Beaverton School District, was denied unemployment compensation benefits after turning down an offer of a position as a custodian with the district.[1] Petitioner seeks judicial review. We reverse and remand.

Petitioner had worked for the district as an instructional assistant during the 1979-1980 school year. At the end of that year, he signed a district form indicating he planned to return. He applied for several instructional assistant positions with the district. During the summer of 1980, he worked as a groundskeeper for the district. He was interviewed for some of the instructional assistant positions but had not received any offers when his summer job ended on September 5, 1980. The district then offered him a custodian's job on the night shift, which he declined. It was this refusal that led to the denial of benefits.

ORS 657.176(2)(e) provides that if

"[an] individual fail[s] without good cause to accept suitable work when offered to him, the individual shall be disqualified from the receipt of benefits. * * * "

What is "suitable" work is defined in part by ORS 657.190, which provides:

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects of securing local work in his customary occupation and the distance of the available work from his residence."

OAR 471-30-036 provides, in pertinent part:

"(1) In considering suitable work factors under ORS 657.190 * * *, the Administrator may require an individual to actively seek the type of work the individual is most

---

[1] Petitioner's claim was originally denied by an administrative decision. He requested a hearing. The referee, after a hearing, affirmed the denial. Petitioner sought review by the Employment Appeals Board (Board) which, with one member dissenting, adopted the referee's opinion. Our discussion of the case will utilize the referee's opinion as the operative document.

capable of performing due to prior job experience and training except that:

"(a)  If an individual is unable to secure his customary type of work after contacting the potential employers in the labor market where benefits are being claimed, the Administrator may require the individual to seek less desirable but similar work or work of another type which the individual is capable of performing by virtue of experience and training.

"\* \* \* \* \*."

The referee found that petitioner was capable of doing the custodial work he was offered. He further found that petitioner was still awaiting one or two employment possibilities as an instructional assistant, that petitioner did not attempt to determine if accepting the custodial position would mean he could not accept a later offer from the district of an instructional assistant's job and that "\* \* \* claimant was not willing to work nights [during the period in issue] although janitorial work in claimant's market area commonly includes [night work]."

From the foregoing, the referee concluded that the petitioner had failed without good cause to accept suitable work. He reasoned:

"The work was suitable because it was within his physical and moral capabilities. It was not unsuitable because it was not the type of work he had done before. His one or two possible prospects were not shown to be particularly strong. They were not shown to have been so likely that he could properly turn down a sure thing for something he hoped would mature.

"There was no good cause not to accept. Before burning his bridges behind him, the reasonable worker would have attempted to discover whether accepting janitorial work would necessarily preclude a later shift to the type of work preferred."

Petitioner assigns as error the referee's conclusion that he was required to consider work other than as an instructional assistant. He argues that, while he may have been morally and physically capable of doing the work, he was not yet required even to consider the work because, pursuant to OAR 471-30-036(1), *supra,* the referee had made no finding that petitioner would be unable to secure his customary work.

The only analysis by the referee which arguably would trigger the requirement that petitioner consider other employment is the conclusion that petitioner's prospects for finding instructional work were "not very strong." This conclusion is not based on any fact found by the referee, or on any inference reasonably drawn from facts found. There is nothing in the present record to suggest that petitioner was unlikely to obtain an instructional position soon. Denial of benefits on this ground and under this analysis was error.

Our conclusion that the referee's analysis was fatally flawed requires a remand to the Board. *See, e.g., Martinez v. Employment Division,* 54 Or App 95, 634 P2d 269 (1981). In doing so, we note that the referee concluded that petitioner was also disqualified for at least one week of the period in question because he was not *available* for janitorial work under ORS 657.176, because he did not wish to work nights. This second ground for disqualification will become relevant on remand only if the Board finds facts sufficient to bring petitioner within OAR 471-30-036(1)(a).

Reversed and remanded for reconsideration.