Argued and submitted February 12, reversed and remanded for
reconsideration March 22, reconsideration denied April 29,
petition for review denied June 9, 1982 (293 Or 235), petition for
attorney fee award denied (64 Or App 276, 668 P2d 416) August 10,
reconsideration denied September 30, petition for review
denied November 29, 1983 (296 Or 120)

# JOHNSON,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (No. 81-AB-415, CA A20618)

642 P2d 329

Daniel W. Brandt, Oregon Legal Services Corp., Pendleton, argued the cause and filed the brief for petitioner.

Rudy Murgo, Pendleton, argued the cause and filed the brief for respondent City of Pendleton.

Jan Peter Londahl, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant seeks judicial review of a decision of the Employment Appeals Board (Board) disqualifying him for unemployment compensation benefits on the ground of misconduct in connection with his work. He maintains, *inter alia,* that the Board's decision is not supported by substantial evidence and that the Board's conclusions are not supported by its findings of fact. We reverse and remand.

Claimant worked for the City of Pendleton as a laborer from June 13, 1977, until he was discharged in late October, 1980. His work included sign painting, weed cutting, street painting and catch basin cleaning. This last task involves significant physical effort while using a long handled shovel.

On June 12, 1980, claimant injured his back at work. His treating doctors limited him to light work duties until September 22, 1980, when he was again released to perform his regular duties. Claimant was then assigned to cut weeds and, sometime later, to clean catch basins. He complained of back difficulties in performing these jobs, especially the catch basin cleaning. Finally, on October 27, he told his foreman that he would not clean the catch basins any more without help. He was discharged on October 29, effective November 1.

Claimant sought and was granted unemployment benefits. The administrative decision was appealed by the city. A referee affirmed the grant of benefits, concluding that claimant had been discharged, but not for misconduct.

OAR 471-30-038 defines "misconduct" as

"* * * a wilful violation of the standards of behavior which an employer has a right to expect of an employee. An act that amounts to a wilful disregard of the employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct."

The referee, in holding that the claimant was not guilty of misconduct, explained,

"The evidence presented in this matter belies the employer['s] contention that claimant was insubordinate, that he refused to carry out instructions. Both the medical

evidence and the description of the duties assigned claimant after his release by the attending physician, support claimant's credible testimony that he did not refuse to perform those duties, but simply could not continue to perform those duties without seriously jeopardizing his health. Claimant's unwillingness to further aggravate his back injury does not represent the type of adverse behavior described in [OAR 471-30-038]."

The city sought further review with the Board. The case, as recited by the Board in its findings of fact and conclusions of law, bore little resemblance to that decided by the referee. The Board made no findings whatsoever with respect to claimant's physical condition in September and October, 1980, or with respect to the role that that condition played in the events leading to claimant's discharge. Instead, it found, in pertinent part,

"* * * (9) From October 2 to October 28 [claimant] was assigned the job of cleaning out catch basins. (10) On approximately October 28 he informed the employer that he was no longer going to perform that task. (11) His reason for doing so concerned the fact that in the past he had been given help to perform that job, but was not given help during the month of October. (12) He felt that this was not fair, even though the employer did not have the manpower to give him assistance. (13) Because of his refusal to perform work that was assigned to him, he was discharged."

On the basis of the foregoing, the Board, one member dissenting, found that claimant had been discharged for misconduct. The majority explained, in its "conclusions and reasons":

"Clearly, the claimant was insubordinate when he refused to continue cleaning catch basins. *Although he contends his physical condition would not allow him to do so, we do not agree. The claimant was able to perform that work during the month of October without complaint * * *.*" (Emphasis supplied.)

■■ The Board's emphasized "conclusion" concerning claimant's ability to clean catch basins is, of course, a finding of fact, not a conclusion. More to the point, it is totally unsupported in the record. The evidence from all the witnesses was to the effect that claimant constantly complained about the effect of the work on his back. The

Board's finding in this regard was pivotal—the decision must be reversed and remanded for reconsideration. Upon reconsideration, it would be useful for the Board to address the real issue in this case—claimant's condition and the role it played in his refusal to perform certain work. If his story, which the referee believed, is true, he is not guilty of misconduct. *See, e.g., Bremer v. Employment Division,* 52 Or App 293, 296-298, 628 P2d 426 (1981).

Reversed and remanded for reconsideration.