Argued and submitted November 22, 1982, reversed and remanded June 15, 1983

# EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

# BINGHAM,
*Respondent.*

(82-AB-125-A; CA A24395)

664 P2d 1124

William F. Nessly, Jr., Assistant Attorney General, argued the cause for petitioner. With him on the briefs were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent.

Katherine Young, The Dalles, argued the cause and filed the brief amicus curiae for Oregon Human Rights Coalition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The Employment Division (Division) seeks review of an order of the Employment Appeals Board (EAB) concluding that the EAB was unable to determine whether claimant had refused an offer of suitable work without good cause because the Division has not adopted rules to define "suitable work." The order remanded the claim to the Division. We reverse and remand.

Claimant had been an assistant manager of the Division's office at The Dalles. As a result of budget reductions, his position was eliminated effective September 1, 1981. He was informed that he had the option of being laid off or of exercising "bumping" rights to a lower level service representative position in the same office at a substantially lower salary and reduced benefits.[1] He chose to be laid off because of conflicts with the supervisor with whom he would have to work in the lower level position and because of the reductions in pay and benefits.

The referee concluded that claimant was not disqualified from benefits under ORS 657.176(2)(e):

"If the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"Failed without good cause to accept suitable work when offered, the individual shall be disqualified from the receipt of benefits * * *."

The referee also concluded that the service representative position was "suitable work" but that claimant had "good cause" for refusing the position. EAB, however, disagreed. It stated:

"We do not agree with the referee that the claimant had good cause for his failure to accept work offered by the employer. The referee, in his decision considered the suitable work factors enumerated in ORS 657.190 and 657.195. He is directed to do this by OAR 471-30-038(6). However, there is no Administrative Rule which established criteria or guidelines to be followed when examining 657.190 and 657.195. The

---

[1] Claimant earned $1,739 per month plus a management benefit package in the assistant manager position. The service representative position paid $1,300 per month with reduced benefits.

Oregon Court of Appeals has held that although 657.190 and 657.195 contain partial definitions in determining whether or not work is suitable, there remains considerable room to flesh out those concepts. *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979). Since the Court has ruled in that case, the Employment Division has had opportunity to pass rules in accordance with the guidelines as set out by the Court. For whatever reason, they have failed to do so. Following the guidelines set out in *Oliver* and *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), we find this Board is unable to reach a decision as to whether or not the claimant had good cause to refuse an offer of suitable work. In order to reach that decision, it is necessary that the Employment Division promulgate rules concerning the terms in ORS 657.190 and 657.195 as instructed by the Court. * * *."

In an order on reconsideration, EAB further elaborated its decision. It stated that the term "suitable work" is a delegative term under *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), and, as such, requires further agency definition indicating how the factors to be considered in determining suitability of work are to be applied, as well as specifically expressing the agency's policy concerning consideration of a claimant's previous wages in that determination. This judicial review proceeding followed.

An individual is disqualified from receiving unemployment compensation benefits if he "[f]ail[s] without good cause to accept suitable work when offered." ORS 657.176(2)(e). The legislature has directed that certain factors be considered in determining whether certain work is "suitable:"

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence." ORS 657.190.

The legislature has further refined the "suitable work" inquiry by identifying certain specific exceptions:

"Notwithstanding any other provisions of this chapter, no work is deemed suitable and benefits shall not be denied under

this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

"(a)   If the position offered is vacant due directly to a strike, lockout or other labor dispute.

"(b)   If the remuneration, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.

"(c)   If as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining any bona fide labor organization.

"* * * * *." ORS 657.195.

That is the full extent of the legislative definition of the term.

The Division has added a gloss of its own to the statutory framework by adopting a rule that addresses certain aspects of the type of "suitable work" an individual may be required to seek. OAR 471-30-036(1) provides:

"(1)   In considering suitable work factors under ORS 657.190 * * *, the Administrator may require an individual to actively seek the type of work the individual is most capable of performing due to prior job experience and training except that:

"(a)   If an individual is unable to secure his customary type of work after contacting the potential employers in the labor market where benefits are being claimed, the Administrator may require the individual to seek less desirable but similar work or work of another type which the individual is capable of performing by virtue of experience and training.

"(b)   If the type of work an individual is most capable of performing does not exist in the labor market where the individual is claiming benefits, the Administrator may require the individual to seek any work that exists in the labor market for which the individual is suited by virtue of experience and training."

The initial question, as EAB correctly pointed out, is whether the term "suitable work" is a term for which the legislature has delegated to the Division responsibility for "refining and executing generally expressed legislative policy." *See Springfield Education Assn. v. School Dist., supra,* 290 Or at 228. Put more simply: Has the legislature provided a sufficiently complete definition of "suitable work," or has it left it

to the Division to "flesh out" that term?[2] In view of the Division's rule-making action, however, the question is: Assuming some "fleshing out" is required, has the Division done enough?

The Division contends that OAR 471-30-036(1), together with the statutory factors, sufficiently define the term "suitable work." We agree. It is doubtless true that, with further rule-making, the Division could further clarify or simplify the decisional criteria for which it is responsible. On the other hand, "[w]e do not require the impossible. We require [only] that the agency formulate and publish the broad basis upon which [its] decisions will be made." *Fullmer v. Employment Division,* 47 Or App 457, 614 P2d 623 (1980). That has been accomplished.

OAR 471-30-036(1) generally defines "suitable work" as that which an individual is capable of performing by reason of prior experience and training. ORS 657.190 requires the Assistant Director for Employment to consider other factors concerning the work and the individual to determine whether particular work is suitable for that individual. ORS 657.195 excepts work under certain conditions from being considered suitable, no matter how well qualified the individual is for the work and irrespective of what is indicated by applying the factors set out in ORS 657.190.

Despite the foregoing, the respondent relies on *Springfield Education Assn. v. School Dist., supra,* and the aforementioned *dictum* in *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979), as authority for the proposition that ORS 657.190, ORS 657.195 and OAR 471-30-036(1) do not sufficiently define "suitable work." Since *Springfield* and *Oliver* were decided, however, EAB has decided numerous cases under this rubric, and we have applied the statutes and the rule without difficulty in a number of cases. In *Frank v. Employment Division,* 57 Or App 646, 646 P2d 70 (1982), we applied ORS 657.190 and ORS 657.325, which defines "suitable work" as "any work that is within such individual's

---

[2] We previewed this question (and suggested an answer) in *Oliver v. Employment Division, supra,* when we noted by way of *dictim* that the term "suitable work" is an "elastic" term which, although partially defined by statute, still requires agency action to " 'complet[e] a value judgment that the legislature itself has only indicated.' " 40 Or App at 492, citing *McPherson v. Employment Division, supra.* However, the term "suitable work" was only an *example* in *Oliver;* it was not specifically at issue in that case.

capabilities * * *." In *Griffin v. Employment Division,* 55 Or App 768, 639 P2d 1294 (1982), we applied the language in ORS 657.190 and OAR 471-30-036 to define "suitable work" without difficulty. And, in *Martinez v. Employment Divison,* 54 Or App 95, 634 P2d 268 (1981), we were able to use the statutory terms and the rule without requiring further definition.

Because the statute and the rule define "suitable work" sufficiently to enable claimants to litigate their entitlement and the Employment Appeals Board to determine whether a claimant refused an offer of suitable work without good cause, and because we have recognized the sufficiency of that definition in earlier opinions, we reverse the EAB order and remand the case to EAB to make the necessary determination.

Reversed and remanded for reconsideration.