On petitioner's petition for attorney fees filed February 12
and on respondent's response to petition for attorney fees filed March 1, 1982,
petition for attorney fees denied August 10, 1983

**GRIFFIN,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION et al,**
*Respondents.*

**(81-AB-79; CA A20425)**

668 P2d 430

Angelo Gomez, Staff Attorney, Oregon Legal Services Corporation, Hillsboro, for petition.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Griffin v. Employment Division,* 55 Or App 768, 639 P2d 1294 (1982), seeks an award of an attorney fee pursuant to the Oregon Administrative Procedures Act (APA). We deny the petition.

Our original decision arose on judicial review of a final order of the Employment Appeals Board (EAB). Petitioner, who had previously worked as an instructional assistant and groundskeeper for the Beaverton School District, refused to accept a night shift custodian job with the District when his summer work as a groundskeeper ran out. EAB denied petitioner employment compensation benefits because, it held, he had "fail[ed] without good cause to accept suitable work," as provided in ORS 657.176(2)(e).

Before this court, petitioner argued that EAB's ruling was improper, because it had omitted from its findings a particular fact that was a prerequisite to disqualification. We agreed, stating:

> "Our conclusion that the [Board's] analysis was fatally flawed requires a remand to the Board. *See, e.g., Martinez v. Employment Division,* 54 Or App 95, 634 P2d 269 (1981). In doing so, we note that the [Board] concluded that petitioner was also disqualified for at least one week of the period in question because he was not *available* for janitorial work under ORS 657.176, because he did not wish to work nights. This second ground for disqualification will become relevant on remand only if the Board finds facts sufficient to bring petitioner within [the pertinent administrative regulation]." 55 Or App at 772. (Emphasis in original.)

That is, we held that petitioner was entitled to a remand to determine whether an unaddressed factual question, when answered, would permit denial of his claim. Even if it did not, however, at least some of the claim could be denied on a separate ground.

Petitioner seeks an award of an attorney fee under both ORS 183.495 and 183.497. We consider the latter statute first.

ORS 183.497 provides:

> "(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the

court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2)   The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a)   Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b)   Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c)   A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)   Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

While interesting questions may, under other circumstances, arise concerning the scope and effect of ORS 183.497, *see, generally, Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983), it is clear that it does not apply to the present case. There is nothing in our previous opinion in this case to suggest that the agency's action was "without a reasonable basis in fact or in law." The agency's error lay in misunderstanding what it needed to find as fact; as our opinion shows, however, it appeared to be possible to find the necessary facts on remand. Petitioner is not entitled to an award of an attorney fee under ORS 183.497.

We turn now to petitioner's alternative contention that he can be awarded an attorney fee under ORS 183.495:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The statutory basis for our disposition of the original case on the merits was not identified in the opinion. It may have been based on ORS 183.482(8)(c) (lack of substantial evidence), 183.482 (8)(a) (erroneous interpretation of law) or both. What we have recently said concerning the first statute, ORS 183.482(8)(c), is particularly applicable here:

"* * * [I]f the erroneous findings are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely—if ever—award a fee." *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 568, 666 P2d 276 (1983).[1]

We hold that petitioner's victory in the case on the merits was not sufficiently complete to serve as a basis for the discretionary award of an attorney fee.

Petition for attorney fee award denied.

---

[1] With respect to ORS 183.482(8)(a), we indicated a willingness to consider an award "* * * when it appears that the corrected view of the statute * * * may have a significant impact on the outcome of the case." That is not true here.