Argued and submitted February 13, reversed and remanded May 9, 1984

## COSGROVE,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-1335; CA A29044)

680 P2d 721

David C. Force, Eugene, argued the cause for petitioner. On the brief were Martin J. McKeown and Coons, McKeown & Cole, Eugene.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Roseboro Lumber Co.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board affirming and adopting a referee's decision that disqualified him from receiving unemployment compensation benefits due to misconduct in connection with his work. We reverse and remand.

This is, to put it mildly, an odd case. The referee entered the following findings of fact, all of which find support in the record:

"(1) [Petitioner] worked for employer from February 1981 until he was discharged March 9, 1983. (2) On that date [petitioner] was verbally abused, was threatened with physical harm after work and was shoved several times by a co-worker. (3) [Petitioner] did not think that his assailant would permit him to get to his work site without additional physical violence. (4) [Petitioner] removed a pocket knife with a two inch blade from his pocket, began cleaning his fingernails and was going to lunch. (5) [Petitioner] made no threats or threatening gestures with the knife. (6) [Petitioner] drew the knife to intimidate his assailant from further assaults and to prevent physical harm to his person. (7) Employer policy prohibits verbal abuse of the sort to which [petitioner] was subjected and [petitioner] was aware of the prohibition."

The referee then entered an opinion denying benefits, giving this explanation:

"The evidence is uncontroverted that [petitioner] was not the aggressor in this incident and that [petitioner] did not actually threaten force against his assailant. Although [petitioner] did not initiate the altercation[,] producing a weapon, as small as it was, was an act far outside the duty he owed his employer. The potential of escalation of the incident from verbal abuse and shoving to potential deadly violence on the part of his assailant was an act of misconduct. [Petitioner] did not threaten his assailant but had his assailant responded with a weapon of his own and the will to use it in a relatively minor incident could [sic] have had tragic consequences. Even considering the stresses that [petitoner] was experiencing at the time this is not an isolated instance of poor judgment that excuses otherwise disqualifying misconduct. There are instances of such severity where even a single instance of misconduct can disqualify a [petitioner] from benefits. This is such a case. Considering that [petitioner] knew of employer's prohibition against verbal harassment and shoving *and*

*needed only to have contacted any supervisor in order to adequately protect himself."* (Emphasis supplied).

As noted, EAB, one member dissenting, adopted the referee's decision. This appeal followed.

Petitioner first argues that the emphasized portion of the opinion, *i.e.,* that he only needed to contact a supervisor, is a "hidden finding of fact" that implies a further, underlying fact that is not supported by this record: that petitioner, had he wanted to, could have physically reached a supervisor. We agree. Absolutely nothing in this record substantiates the referee's assumption that petitioner had available to him the option of contacting a supervisor. It follows that this case must be reversed and remanded for further proceedings. *See, e.g., Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329, *rev den* 293 Or 235 (1982); *Griffin v. Employment Division,* 55 Or App 768, 639 P2d 1294 (1982).

Petitioner further argues that, in the light of the facts found, his acts were necessary self defense and could not, as a matter of law, constitute misconduct justifying denial of benefits. While we might agree that, were we deciding the case *de novo,* we would not find petitioner guilty of misconduct, we cannot say with absolute certainty that EAB could not possibly call petitioner's actions "misconduct." *See Johnson v. Employment Division, supra,* 56 Or App at 457-58; *Bremer v. Employment Division,* 52 Or App 293, 296-298, 628 P2d 426 (1981). Remand is appropriate.[1]

Reversed and remanded for reconsideration.

---

[1] On remand, EAB will be further required to articulate, should it find against petitioner on both points already discussed, how the incident in question can be other than an isolated instance of bad judgment, especially considering the threat petitioner faced. OAR 471-30-038(3); *see Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980).