Submitted on record and briefs May 6, reversed and remanded for reconsideration
July 17, 1985
reconsideration allowed by opinion December 18, 1985
See 77 Or App 13, 711 P2d 187

In the Matter of the Driver's License
Suspension of

CRAWFORD,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(1-11-84-041; CA A31859)

703 P2d 984

Terrance B. O'Sullivan and Merrill and O'Sullivan, Bend, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of an order of the Motor Vehicles Division suspending his operator's license for failing to furnish proof of future financial responsibility. ORS 486.021 and 486.211(2). He argues, in effect, that MVD's order contains a finding of fact not supported by substantial evidence or, in the alternative, that MVD has incorrectly reasoned from the facts found to the conclusions it reached. We agree that the facts found do not permit the conclusion reached. We therefore reverse and remand.

The facts may be divided into two portions: those agreed upon and those yet to be decided. It is agreed that petitioner owned a motorcycle, that the motorcycle was uninsured and that petitioner's 15-year old son, Adam, took the motorcycle from his family's garage and was involved in an accident while riding the motorcycle, resulting in the suspension of petitioner's license. ORS 486.021 and 486.211(2).[1] Adam owns a "dirt bike" of his own, evidently riding it only off-road.

The other, undecided facts all have to do with whether Adam had his father's permission, express or implied, to take the motorcycle and ride it. Both petitioner and Adam testified that Adam did not have permission. The only finding made by the Division on the question is: "On the date [in

---

[1] ORS 486.021 provides:

"(1) Following notice to the division of an accident originating from the operation of a vehicle upon any highway within this state which has resulted in damage to the property of any one person in excess of $400 or injury or death to person, the driver and owner of a vehicle which is in any manner involved shall except as otherwise provided by this chapter within 30 days file with the division and thereafter maintain for a period of three years proof of future responsibility.

"(2) Any person convicted of violating ORS 486.075 or convicted of falsely certifying to financial responsibility under this chapter shall within 30 days of the conviction of the person file with the division and thereafter maintain for a period of three years proof of future responsibility."

ORS 486.211 provides in part:

"Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license or permit or right to apply of any person who:

"* * * * *

"(2)  Fails to file with the division proof of future responsibility when such proof is required by this chapter."

question] * * *, [petitioner] *did not* instruct Adam * * * *not* to ride the motorcycle." (Emphasis supplied.)[2]

The Division's order could hardly be more unsatisfactory. All of the testimony in this case was aimed at establishing petitioner's exemption, under ORS 486.041(6), from proof of future financial responsibility. That statute provides:

"Both the driver and the owner are exempt from the requirement of this chapter that proof of future responsibility be given if the person claiming exemption furnishes to the division proof that:

"* * * * *

"(6) At the time of the accident his vehicle was being operated without his permission, express or implied * * *."

Petitioner's testimony, and that of his son, make out petitioner's case if believed. It is no answer to say that petitioner did not forbid taking the motorcycle on the day in question; it is enough if the son knew, because he had been told at some other time, that he was not to take the motorcycle. MVD must find facts on this issue. Without them, its order cannot stand.

Reversed and remanded for reconsideration.

---

[2] We call this a "finding," because it looks like one. It does not appear in the "findings of fact" section, but nothing in MVD's decision is appropriately labeled or in an appropriate place. Only the simplicity of the issue has made decipherment possible.