Argued and submitted April 22, reversed and remanded for reconsideration
September 18, 1985

CITY OF BURNS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-1211; CA A33367)

706 P2d 201

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived apparance for respondent Employment Division.

No appearance for respondent David Botefur.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer, City of Burns, seeks review of a decision of the Employment Appeals Board that claimant is not disqualified from receiving unemployment compensation under ORS 657.176(2)(c) for voluntarily leaving work without good cause. The issue is whether there is substantial evidence to support that decision. We reverse and remand for reconsideration.

Claimant was a police officer for employer for approximately five years. In August, 1983, he had learned that he was suffering from fibrositis, a muscle ailment which his doctor related to stress from his job. He also was experiencing marital difficulties, which he attributed to the hours his job required. He finally decided that he could no longer tolerate the stress from his job, and he therefore tendered his resignation on March 1, 1984, to be effective April 16.

He applied for and received unemployment benefits. Employer requested a hearing, and the referee decided that claimant was not disqualified from receiving benefits under ORS 657.176(2)(c) for voluntarily leaving work without good cause. After making findings of fact, the referee set forth his conclusions:

> "Claimant voluntarily left work with good cause.

> "OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

> "At the time that he left work, claimant could no longer reasonably handle the ordinary stress imposed on a police officer in a small town. He had developed stress-related physical problems and ongoing marital difficulties. He had discussed his problems with the police chief. *The latter saw no recourse for claimant but resignation.*" (Emphasis supplied; bracket original.)

EAB, one member dissenting, adopted and affirmed the referee's decision.

Although set forth under the referee's "CONCLUSION AND REASONS," the emphasized sentence is a finding of fact, not a conclusion. *See Crawford v. MVD,* 74 Or App

493, 703 P2d 984 (1985). Employer's first assignment of error is that there is not substantial evidence to support that finding. We agree. The only statements that the police chief made that remotely resemble that finding are that he would not object to claimant's receiving unemployment benefits and that he could understand why claimant resigned. The finding is significant because, as it stands, it is germane to the critical question of whether claimant had no alternative but to leave work. *See* OAR 471-30-038(4). We therefore reverse and remand for reconsideration. ORS 183.482(8)(c); *Johnson v. Employment Divison,* 56 Or App 454, 642 P2d 329, *rev den* 293 Or 235 (1982).

Employer's second assignment is that there is not substantial evidence to support EAB's implicit conclusion that claimant had no alternative but to leave work. It argues that claimant had the alternative of continuing work and coping with the stress of his job as he had in the past. That is a determination that must be made in the first instance by EAB on reconsideration.

Reversed and remanded for reconsideration.