On respondent's motion for reconsideration filed July 30, motion granted, former opinion (74 Or App 493, 703 P2d 984) withdrawn; affirmed December 18, 1985

In the Matter of the Driver's
License Suspension of

CRAWFORD,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(1-11-84-041; CA A31859)

711 P2d 187

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, appeared for motion.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The Motor Vehicles Division (MVD), respondent in *Crawford v. MVD,* 74 Or App 493, 703 P2d 984 (1985), moves for reconsideration of our decision in that case on the ground that we have misunderstood the record. We grant the motion, withdraw our former opinion and affirm.

Crawford petitioned for judicial review of an MVD order suspending his operator's license for failure to furnish proof of future financial responsibility. ORS 486.021; ORS 486.211(2). The suspension was based on the unlicensed operation, by defendant's son, of a motorcycle owned by defendant. Defendant and his son maintained that the son took the motorcycle without permission. We held that the hearings officer's opinion, which we considered and quoted in the case, did not satisfactorily address that issue. We said:

> "Both petitioner and [his son] testified that [the son] did not have permission. The only finding made by the Division on the question is: 'On the date [in question] * * *, [petitioner] *did not* instruct [the son] * * * *not* to ride the motorcycle.'
>
> "The Division's order could hardly be more unsatisfactory. All of the testimony in this case was aimed at establishing petitioner's exemption, under ORS 486.041(6), from proof of future financial responsibility. That statute provides:
>
> > " 'Both the driver and the owner are exempt from the requirement of this chapter that proof of future responsibility be given if the person claiming exemption furnishes to the division proof that:
> >
> > " '* * * * *
> >
> > " '(6)   At the time of the accident his vehicle was being operated without his permission, express or implied * * *.'
>
> "Petitioner's testimony, and that of his son, make out petitioner's case if believed. It is no answer to say that petitioner did not forbid taking the motorcycle on the day in question; it is enough if the son knew, because he had been told at some other time, that he was not to take the motorcycle. MVD must find facts on this issue. Without them, its order cannot stand." 74 Or App at 494. (Footnotes omitted; emphasis supplied.)

In its motion for reconsideration, MVD, after quoting the foregoing statements from our opinion, argues:

"The reason [MVD] requests reconsideration of this opinion is [that] a finding of fact was made, although not denominated as such, * * * which arguably meets the court's criterion.

"The only evidence in the record that would suggest that the son 'had been told at some other time, that he was not to take the motorcycle' was the testimony of petitioner (Tr 4) and his son (Tr 7). The hearing officer found both petitioner and his son not to be credible. *Amended Order Upon Reconsideration,* at 2. Thus, because [MVD] believes its *Amended Order* contains the finding which the court deems both essential and absent, without further guidance [MVD] is at a loss as to what additional or different findings or reasoning the court seeks on remand." (Footnote omitted; emphasis supplied.)

The emphasized portions of MVD's motion constitute the first time that this court had been told by either party that there was an amended order in this case. Being unaware of that fact, we erroneously based our former decision on MVD's *original* order.

A review of the parties' briefs and the record in this case explains our error. MVD's original order was entered May 4, 1984; petitioner filed his petition for judicial review on May 31. MVD certified the record to us on July 2, 1984. Of course, the record contained only the original order. Petitioner then filed his brief on August 20, 1984. In its statement of the case, petitioner's brief quite naturally referred only to the original order. Thereafter, on September 26, 1984, MVD withdrew its original order for reconsideration. ORS 183.482(6). On November 15, it issued an amended order, which was forwarded to this court but placed in our records under separate cover in a file containing motions, briefs and other documents relating to proceedings in this court. MVD did not file or designate the order as part of a supplemental record, as it ought to have done. Petitioner, on December 17, 1984, filed an amended petition for judicial review and specifically waived his right to file a supplemental brief. MVD filed its respondent's brief on March 6, 1985. Respondent's brief specifically accepted the statement of the case in petitioner's brief—thereby inadvertently making it appear that the original order in this case was the pertinent document. We proceeded to decision on that assumption.

The mistake explained, we return to the merits. We

conclude that MVD's motion is well taken. MVD's order on reconsideration adequately explains its conclusions, and all of its findings are supported by the record. We therefore withdraw our former opinion and affirm MVD's order.

Motion for reconsideration granted; former opinion withdrawn; affirmed.