Argued and submitted January 26, reversed and remanded for reconsideration June 20, 1990

William R. WHITACRE,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Benton County,
*Respondents.*

(89-AB-422-A; CA A60926)

793 P2d 1390

Ellen Gradison, Albany, argued the cause and filed the brief for petitioner.

Candace A. Haines, Corvallis, argued the cause and filed the brief for respondent Benton County.

No appearance by respondent Employment Division.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of a decision of the Employment Appeals Board denying him unemployment benefits on the ground that he was terminated by his employer for misconduct. We reverse and remand for reconsideration.

Claimant worked for Benton County as a utility maintenance technician for approximately three and a half years. His work included changing cylinders of chlorine gas, a process that required the use of a respirator in emergency situations. On November 1, 1988, county adopted a clean-shaven policy for all employees who might be required to wear a respirator. Claimant, a Vietnam War veteran who suffers from delayed stress syndrome, opposed the policy. He has worn a beard for several years to disguise what he feels to be his "killer's face" and to help him cope with the guilt associated with his Vietnam experience. On the advice of his psychologist, he refused to shave. As a result, he was discharged on November 14, 1988.

Claimant sought and was denied unemployment benefits. The hearings referee concluded that claimant's refusal to shave constituted "misconduct" that disqualified him from receiving benefits. ORS 657.176(2)(a). On review, EAB, with one member dissenting, upheld the denial and made these findings relative to his condition:

"(12) The claimant is a Vietnam veteran and suffers from delayed stress syndrome. (13) Claimant was consulting with a psychologist beginning in September, 1988, and was advised by his psychologist not to shave his beard. (14) Claimant considered it would be emotionally dangerous to shave off his beard. (15) The employer was not aware of the claimant's concerns with regard to shaving his beard, as the claimant had simply advised the employer on November 13, 1988, that he had strong personal reasons for not shaving."

EAB concluded:

"We find that claimant's refusal to shave after explicit instructions to do so constitutes a wilful violation of the standards of behavior that the employer had a right to expect of the claimant. We do not find that the claimant's psychological condition of delayed stress syndrome negates his ability to have wilfully violated the employer's standards. Although the claimant was advised by his psychologist not to shave his

beard, he has not provided sufficient evidence to establish that he was incapable of complying with the employer's standards. We find that claimant's refusal to shave was deliberate and intentional.

"The claimant repeatedly refused to shave his beard and provided the employer with no explanation of mitigating circumstances other than that he had strong personal reasons not to shave. Because the claimant repeatedly refused to shave after having been given explicit instructions to do so, we find that his conduct is removed from the exculpatory provisions of OAR 471-30-038(3)."

In his petition, claimant argues that EAB's conclusion that he was discharged for misconduct is not supported by its findings. We agree. "Misconduct" is defined in OAR 471-30-038(3) as

"a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment * * * are not misconduct for purposes of denying benefits under ORS 657.176."

Claimant's failure to offer reasons for his actions may have been poor judgment; however, that is not a basis for disqualification. EAB's findings indicate that, in refusing to shave, claimant was following the advice of his psychologist. That does not necessarily constitute "a wilful disregard of [the] employer's interest" or "recurring negligence [demonstrating] wrongful intent." We have held that a claimant's refusal to follow an employer's orders that would result in physical pain is not misconduct. *Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329, *rev den* 293 Or 235 (1982). We see no reason to apply a different standard to claimant's mental or emotional condition. On remand, EAB should consider the effect of claimant's condition on the wilfulness of his conduct.

Reversed and remanded for reconsideration.