On petitioner's reconsideration for attorney fees filed November 4, 1980, reconsideration granted; application for attorney fees is denied March 23, reconsideration denied June 4, petition for review allowed June 30, 1981

COOK,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(No. 79-S-1442, CA 16099)

625 P2d 668

David L. Slansky, Oregon Legal Services Corporation, McMinnville, for petition.

Before Joseph, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Petitioner, the prevailing party in *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193, *rev den* 290 Or 157 (1980), moved for an award of attorney fees under ORS 183.495.[1] Initially we denied the petition without stating reasons. Petitioner now moves for reconsideration, which we grant in order to explain our reasons.

The Employment Division, after receiving information that petitioner was not unemployed, undertook an investigation to determine whether petitioner was ineligible for benefits during a 19-week period in which he was reportedly employed in cutting and selling firewood. After a hearing, the agency assessed an overpayment of $2,261 against petitioner and imposed a penalty period of 26 weeks of ineligibility.

On judicial review on the merits, we decided that substantial evidence did not support the agency's finding that petitioner was employed in 16 of the 19 weeks for which he was disqualified. We found that the evidence supported a finding that petitioner was employed part-time making deliveries of firewood in only 3 of the 19 weeks. 47 Or App at 443-44.

The present issue is whether the agency should be compelled to pay, out of its appropriated funds, petitioner's attorney fees in successfully defending against a proceeding intended to fulfill the agency's obligation to enforce the provisions of the Unemployment Compensation Act. We have not addressed this question, but recently we held that an award of attorney fees is inappropriate where the agency has acted as a disinterested adjudicatory tribunal. *Davidson v. Employment Division,* 51 Or App 219, 625 P2d 162 (1981). That principle is inapplicable here because the agency is an adversary of petitioner in enforcement proceedings. In *Brown v. Adult and Family Services,* 45 Or App 263, 608 P2d 197 (1981), we held that an award of attorney fees under ORS 183.495, given the legislative

---

[1] "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

history and purpose of that provision, was not warranted where the agency action was not an arbitrary one. The theory is that an award of attorney fees would be justified if the agency acts in an arbitrary or capricious manner, because the risk of incurring that additional expense would tend to deter such action.

That rationale, however, is inappropriate when the agency is attempting to carry out its statutory duty of enforcing the Act it is established to administer. The risk of depleting its budget if, on judicial review, it is determined that the agency is wrong might tend to make the agency timorous in undertaking enforcement proceedings. Such a result would be contrary to the legislative scheme and, we believe, not within the purpose underlying ORS 183.495 granting this court discretion in assessing such costs on judicial review. Frequently, evidence of disqualification for benefits is circumstantial and may depend on the credibility of witnesses, all of which may be viewed differently by different persons.[2]

---

[2] Here, the opinion of the hearing officer contained the following:

"(A) Whether or not the claimant was unemployed during the weeks in issue is the ultimate issue in this case and is determinitive of the whole situation. Comment about the resolution of the factual issues involved is, therefore, in order. It is true that the evidence is almost entirely circumstantial that the claimant was in the business of cutting, splitting, and selling firewood and posts for himself. But this circumstantial evidence nevertheless creates the strongest probabilities that he was in fact self-employed. The sales of wood to The Wood Lot alone would, at the wholesale rate, amount to 17 or 18 cords. To accept as probable that a 14 year old boy did perform all of the physical labor necessary to such a task while his father, a 37 year old veteran logger, stood idly by, strains credibility. To further assume that the claimant undertook the labor of delivering the wood without compensation is equally difficult to accept. The referee has no doubt that the claimant's son did receive some of the proceeds involved from the sales through payment to his mother. It is equally probable, however, that the claimant received a fair share of the profits for labors performed. In short, the evidence is 'circumstantial' to the extend [sic] that it fails to show the claimant actually spending monies received from these sales. In all other respects the evidence is sufficient to infer the performance of services for remuneration by the claimant while at the same time claiming unemployment insurance benefits and certifying [sic] to total unemployment."

From the evidence of wood deliveries in three of the weeks and petitioner's cashing of checks received in those sales, the inference was drawn that petitioner was cutting and selling wood throughout the entire period. The Employment Appeals Board concurred.

In our decision on the merits we rejected that inference as not being supported by substantial evidence; it was too attenuated.

We hold, therefore, that as a general proposition an award of attorney fees in agency enforcement proceedings is inappropriate. In doing so, we recognize that there may be extraordinary circumstances in a given case which would justify an exception to that general proposition. Such a case would be *sui generis,* and this case is not in that category.

Petition for reconsideration granted; the application for attorney fees is denied.[3]

---

[3] Because of our disposition of this case, it is not necessary to decide whether an award of attorney fees under ORS 183.495 may be made to a party represented by a legal aid attorney. *See West v. French,* 51 Or App 143, 625 P2d 144 (1981).