Argued and submitted November 4, 1981, reversed and remanded April 27, 1982

COOK,
*Petitioner on Review,*
*v.*
EMPLOYMENT DIVISION,
*Respondent on Review.*

(CA 16099, SC 27769)
643 P2d 1271

Tom Steenson, Oregon Legal Services, The Dalles, argued the cause for petitioner on review. With him on the briefs were Amy Veranth, Multnomah County Legal Aid Service, Portland, and Robert A. Payne and David L. Slansky, Oregon Legal Services, McMinnville. On the brief in the Court of Appeals was David L. Slansky, Oregon Legal Services, McMinnville.

Stanton Long, Deputy Attorney General, Salem, argued the cause for respondent on review. On the brief was Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem. On the briefs in the Court of Appeals were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

LENT, J.

**LENT, J.**

We review a decision of the Court of Appeals construing ORS 183.495, which provides:

> "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney's fees, to the petitioner to be paid from funds appropriated to the agency."

Petitioner initially sought judicial review of an Employment Division order, affirmed by the Employment Appeals Board, ruling that petitioner had actually been self-employed while claiming unemployment benefits, ordering repayment of all unemployment benefits, and additionally declaring petitioner ineligible for an additional period of twenty-six weeks. In the Court of Appeals, the Employment Division conceded that it had no evidence to support the finding that petitioner was self-employed in any but three of the nineteen weeks in question and, therefore, urged that the order be modified accordingly. The Court of Appeals affirmed the Division's order as to the three weeks in question, reversed as to the remainder, and remanded for reconsideration of the twenty-six weeks disqualification. *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1980). We denied review, 290 Or 157 (1980), and the merits of that case are not before us.

Petitioner then filed a petition for attorney fees pursuant to ORS 183.495. In *Cook v. Employment Division,* 51 Or App 307, 625 P2d 668 (1981), the Court of Appeals denied the petition for attorney fees, noting that in a related case, *Brown v. Adult and Family Services,* 51 Or App 213, 625 P2d 160 (1981),[1] the court had held that attorney fees would be awarded where the agency had acted arbitrarily. The court held that this standard would not apply, being "inappropriate when the agency is attempting to carry out its statutory duty of enforcing the Act it is established to administer." 51 Or App at 310, 625 P2d at 669. The court reasoned that the award of attorney fees might make agencies timorous in undertaking enforcement

---

[1] *See Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982), also decided today.

proceedings. Though recognizing that there might be extraordinary circumstances in which an award of attorney fees might be appropriate, the court held "that as a general proposition an award of attorney fees in agency enforcement proceedings is inappropriate." 51 Or App at 311, 625 P2d at 670.

We allowed the petition for review, 291 Or 151 (1981), ORS 2.520, in order to consider the standard of discretion to be applied by the Court of Appeals in deciding whether or not to allow attorney fees under ORS 183.495.

As we read the opinion of the court below, it strongly implies that even if a state agency acts without a basis in law or fact, the agency will not be held accountable for attorney fees so long as it contends it was attempting to carry out its statutory duty. In almost any case an agency will have a colorable claim that it is acting in furtherance of its statutory mandate. This will always be the case in any situation leading to contested hearings under the Administrative Procedures Act.

The effect of this ruling is that attorney fees under ORS 183.495 can be awarded only if the agency cannot offer even a colorable claim that it is operating under its statutory mandate. In justification of such a rule, the Court of Appeals stated that the threat of awards of attorney fees would make agencies timorous in enforcing their statutorily imposed duties. We think that an overstatement. We believe a rule can be fashioned which limits the award of attorney fees to appropriate cases. A rule effectively eliminating attorney fees is unnecessary.

The court below concluded that its decision is consistent with the statutory mandate. We disagree. The legislature which enacted ORS 183.495 clearly intended that in some cases there should be attorney fees. Had it felt that enforcement actions should not come under this standard, it could have made such an exemption explicit in ORS 183.495. It did not, and we think the Court of Appeals oversteps its bounds by inserting such an exemption by judicial fiat. The legislature recently reconsidered the question of attorney fees in administrative actions and provided by Oregon Laws 1981, Chapter 871 (now ORS 183.497), for an award of attorney fees where the agency acted

without a reasonable basis in law or in fact. Though Oregon Laws 1981, Chapter 871, was enacted after the Court of Appeals ruled in this case and is not directly applicable in this case, we think it shows the on-going view of the legislature on this matter. Again, there is no suggestion that the legislature intended to place agency enforcement actions under a different standard from that applied to other agency actions.

We reverse and remand this case to the Court of Appeals for a ruling on the matter of attorney fees on a basis which is consistent with ORS 183.495.