On petitioner's petition for attorney fee filed on September 16, on respondent Employment Division's objection to petition for attorney fee filed on September 24, 1980, former opinion filed March 16, 1984 (51 Or App 219, 625 P2d 162 (1981)), petition for attorney fee denied June 22, 1983

DAVIDSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(80-AB-167; CA 17206)

666 P2d 261

*See also* 48 Or App 119, 616 P2d 540.

Tom Steenson, The Dalles, for petition. With him were Amy Veranth, Portland, Robert A. Payne, David L. Slansky, McMinnville, and Christopher Cadin, The Dalles.

Stanton Long, Deputy Attorney General, Salem, for respondent Employment Division. With him were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent Global Housing, Ltd.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case involving a petition for attorney fees under the Administrative Procedures Act (APA) is before us on remand from the Supreme Court. *Davidson v. Employment Division,* 293 Or 6, 643 P2d 1266 (1982). We deny the petition.

In our original opinion in this case, *Davidson v. Employment Division,* 48 Or App 119, 616 P2d 540 (1980), we held that the Employment Appeals Board erred in ruling that petitioner was disqualified from receiving unemployment compensation benefits due to misconduct. The factual and procedural history of the case is important to our determination of the present attorney fee question.

Petitioner, who had previously been fired by his employer, Global Housing, Ltd., for failing to show up for work, was rehired. He was three hours late the first day of his new employment and 20 minutes late the second. He was fired again. Petitioner applied for unemployment compensation benefits. An administrative decision issued by the Employment Division denied benefits for misconduct in two particulars: "absent from work and tardy too often" and "did not call in according to company rules." Petitioner requested a hearing. The referee—whose decision was subsequently adopted by the Board—found the foregoing facts and ruled that:

"* * * [petitioner's] failure to get to work on time violated a standard of conduct the employer had a right to expect, punctuality, and this failure constituted misconduct in connection with the work within the meaning of OAR 471-30-038. It is disqualifying under ORS 657.176."

Petitioner sought judicial review of the Board's order in this court. We reversed and remanded the case to the Board, holding that the instances of tardiness found by the referee did not, as a matter of law, constitute "misconduct" for the purposes of the Unemployment Compensation Law. 48 Or App at 123-24. We then said:

"We note, however, that the record does contain evidence of conduct concerning the employment of petitioner which could have justified a conclusion of wilfulness in this case. While no representative of the employer appeared at the hearing, the statement of the employer was received in evidence without objection and indicated that claimant did not call in on either of the two days he was scheduled to work. From

claimant's own testimony it can be inferred that he knew of the company rule requiring him to call in if he was late and that he had access to a telephone. He testified he did call in on both occasions, but the referee disbelieved the petitioner.

"We agree with petitioner, as noted above, that tardiness alone does not constitute disqualifying misconduct. However, a 'wilful violation of the standards which an employer has a right to expect of an employee' does. OAR 471-30-038(3).

"From the above evidence, we conclude that the referee could find that petitioner knew of and had the ability to comply with the company's 'call-in' rule. From the employer's statement, the referee could have found that he did not call in and could properly have concluded therefrom that his noncompliance was wilful and constituted disqualifying conduct. While that evidence was relied upon for the administrative decision, no finding was made on that issue by the referee. Without findings on that question the Board's conclusion is not supported by its findings. We therefore remand for reconsideration." 48 Or App at 124-25.

Having prevailed in this court, petitioner sought an award of an attorney fee pursuant to ORS 183.495, which provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

We denied the petition by opinion. *Davidson v. Employment Division,* 51 Or App 219, 625 P2d 162 (1981). We explained:

"In *Wasco County v. AFSCME,* 31 Or App 765, 767-68, 571 P2d 549 (1977), we declined to award attorney fees under the above statute because they would perforce be paid out of funds appropriated to the Employment Relations Board, an administrative agency that had functioned as a disinterested adjudicatory tribunal. We reasoned:

" '* * * When so functioning, an agency is like a specialized court, and we are not aware of any serious suggestion that when a court is reversed an award of attorney fees be made to the winner on appeal, to be paid out of the court's operating funds.' 31 Or App 767.

"Here, the Employment Division and its Appeals Board acted not in the capacity of a party, but rather as a disinterested tribunal with quasi-judicial powers (*see* ORS 657.630,

657.690), which adjudicated rights between the employer and the employe. As in *Wasco County,* we exercise our discretion against awards of attorney fees in such cases." (Footnote omitted.) 51 Or App at 221.

The Supreme Court granted review and reversed, *sub nom Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982). The court disagreed with our characterization of the role that the Employment Division plays in cases such as this:

"The instant case is, we think, representative of the manner in which disputes concerning unemployment compensation before the Employment Division are handled. In this case, the employer's total role appears to have been to fill in portions of two Employment Division forms. Though the employer is not completely without interest in the dispute (*see* ORS 657.430-657.495), the real parties in interest are the Employment Division and petitioner. The employer did not appear at the hearing before the referee or before the Employment Appeals Board. It neither appeared before nor submitted briefs or memoranda to the Court of Appeals. It appears to take no direct interest in the outcome of this litigation. The Employment Divison, on the other hand, has played a party role throughout, as the caption of this case, *Davidson v. Employment Division,* accurately shows. All of this contrasts to the situation in *Wasco County, supra,* in which the Employment Relations Board was not a party and made no appearance in the Court of Appeals where the substance of the issue was decided. *See* 30 Or App 863, 864, 569 P2d 15, 16 (1977).

"In such circumstances, to say that the Employment Division has *only* a *disinterested* adjudicatory role is not in accord with reality. We believe that to let those aspects of the Division's role which are quasi-judicial control to the exclusion of the Division's activities as a party violates the legislative intent underlying ORS 183.495 and the rule of law established by the Court of Appeals in *Wasco County* that the Court of Appeals here purported to apply. The statute vests discretion to award attorney fees in the Court of Appeals, and we believe that this vesting of discretion implies that in appropriate cases attorney fees will be awarded. The rule which the Court of Appeals has established in *Davidson* declares, in effect, that with the Employment Division there are no appropriate cases. We do not think that the statute condones such a blanket policy." 293 Or at 14. (Emphasis in original.)

The court then remanded the case for further consideration, 293 Or at 15, and the petition for attorney fees is once again before us.

Our discretionary authority to award attorney fees under ORS 183.495 extends both to cases that are reversed on judicial review and those that are remanded. This is a case of the latter type, with the remand being based upon the lack of evidentiary findings to support the Board's legal conclusion. In *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 567-68, 666 P2d 276 (1983), we discussed the exercise our discretion in cases of this kind:

"On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, [or those findings, absent others not made, do not lead to the agency's legal conclusion], there is more room for exercise of discretion. Generally speaking, if the lack of [connection between facts found and legal conclusions drawn] * * * relates to a substantial portion of the agency's case * * * so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to the contrary. * * * On the other hand, if the erroneous findings [or conclusions drawn from those findings] are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely—if ever—award a fee * * *." (Citations and footnote omitted; emphasis in original.)

As the facts and our original opinion demonstrate, this is a case of the type referred to in *Van Gordon, supra,* when the agency errors requiring remand "seem unlikely to affect the eventual outcome of the case." In fact, as our original opinion explained, the agency need find only one further fact—a fact for which there is evidentiary support—to justify its proposed disposition of this matter. Under these circumstances, we find no agency error of the kind which an award of an attorney fee would be likely to deter and nothing to suggest that petitioner has been required to defend against a groundless agency claim. *See Van Gordon v. Ore. State Bd. of Dental Examiners, supra.* We therefore decline to award an attorney fee.

Petition for attorney fees denied.