On petitioner's petition for attorney fees filed on July 6, on respondent's objection to petition for attorney fees filed on July 9, former opinion filed June 15, 1981 (52 Or App 749, 629 P2d 848 (1981)), petition for attorney fees allowed June 22, 1983

# VAN GORDON,
*Petitioner,*

*v.*

# OREGON STATE BOARD OF DENTAL EXAMINERS,
*Respondent.*

(CA 17215)

666 P2d 276

Don H. Marmaduke and Barbee B. Lyon, Portland, for petition.

Jan Peter Londahl, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This opinion addresses a petition for attorney fees that was filed by petitioner under ORS 183.495 after he prevailed on judicial review of a final order from the Oregon State Board of Dental Examiners (Board). We conclude that an attorney fee award is appropriate under the facts of this case and award petitioner $34,263.

On May 19, 1977, the Board initiated license revocation proceedings against petitioner, charging him with unprofessional conduct, specifically,

"[1] prescribing or dispensing drugs outside the scope of dentistry, [2] obtaining fees by misrepresentation or fraud and [3] performing unnecessary treatment." 52 Or App at 751-52.

The first charge was found by the hearings officer to be unsupported by the evidence and was dismissed at the close of the contested case hearing. However, the Board found petitioner guilty of the other two charges and issued a final order revoking his license to practice dentistry. Petitioner sought judicial review of the order, and we reversed. *See Van Gordon v. Ore. State Bd. of Dental Examiners,* 52 Or App 749, 629 P2d 848 (1981).

With respect to the charge that petitioner had performed unnecessary treatment, the Board found that petitioner had treated nonexistent cavities. This finding was based solely on x-rays of the teeth that petitioner had treated although, according to the Board's own findings,

"* * * x-rays, alone, are not sufficient to fully describe * * * preoperative evaluations. * * * [An] examination of the actual mouth [is required] to fully determine the extent of * * * the need for restoration * * *." 52 Or App 755.

Because examination of the patients' mouths might have disclosed the cavities that petitioner purported to treat, we held that the overtreatment findings were not supported by substantial evidence. 52 Or App at 775.

With respect to the remaining charge, the Board found that petitioner had overcharged or had obtained fees by misrepresentation. It based this finding exclusively on exhibits that had never been admitted in evidence. Because the

exhibits were not in the record, we held that the Board's findings were not supported by substantial evidence in the record. In summary, we reversed the Board's order because we found that there was *"no evidence* to support either the charge of overtreatment or overcharging." (Emphasis supplied.) 52 Or App at 767.

■ Petitioner then filed this petition claiming attorney fees under ORS 183.495, which was enacted in 1975 as a part of an act that made numerous changes in the State Administrative Procedure Act (APA). It provides:

> "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."[1]

To date, we have ruled on but a few petitions filed under this statute and have denied attorney fees in each instance.[2] Two of these cases have been reversed by the Supreme Court and remanded to us for reconsideration of the attorney fee question, and we have pending several additional requests for attorney fees under ORS 183.495, most of which are decided this date. The frequency with which prevailing petitioners have invoked the statute leads us to believe that we can assist

---

[1] This case presents no question as to the scope of ORS 183.497.

[2] *Basset v. Fish & Wildlife Comm.,* 27 Or App 639, 644, 556 P2d 1382 (1976) (attorney fee not awarded because the case concerned a rule, not the final order of an agency); *Wasco County v. AFSCME,* 31 Or App 765, 571 P2d 549 (1978) (attorney fee not awarded when the agency has acted as an adjudicative tribunal rather than as a litigant); *Polizos v. OLCC,* 40 Or App 135, 594 P2d 1248 (1979) (attorney fee not awarded when the cost of the litigation was or should have been anticipated by petitioner as a normal cost of doing business); *Brown v. Adult and Family Services,* 51 Or App 213, 625 P2d 160 (1981) (attorney fee awards are appropriate only when petitioner has shown that agency action was "arbitrary"), *aff'd* 293 Or 6, 643 P2d 1266 (1982) ("arbitrariness" standard is consistent with the legislative intent behind ORS 183.495); *Davidson v. Employment Division,* 51 Or App 219, 625 P2d 162 (1981) (division had acted as "a disinterested tribunal" so that *Wasco County* exclusion applied), *rev'd and rem'd* 293 Or 6, 643 P2d 1266 (1982) (fee award permissible in cases when division is a party; in this case Divsion had been a party; Supreme Court denied petition for attorney fees, 293 Or 395, because it had not reviewed an agency order); *Cook v. Employment Division,* 51 Or App 307, 625 P2d 668 (1981) (attorney fee generally not awarded in cases where the agency has attempted to carry out its statutory enforcement duties) *rev'd and rem'd* 293 Or 1, 643 P2d 1271 (1981) (attorney fee should be awarded in enforcement proceedings according to same standards used in other agency cases).

everyone concerned by enunciating general guidelines to indicate the types of cases in which we are likely to award attorney fees under ORS 183.495. These guidelines are not hard and fast; they are intended to alert agencies that certain types of actions are likely to result in fee awards against them and to alert petitioners that in certain types of cases we are likely to look with favor upon fee petitions.[3]

As a preliminary matter, we note that we have very broad discretion under ORS 183.495. The statutory language places no limits on our power to award attorney fees beyond restricting it to cases where we have reversed or remanded an agency's final order. The legislative history, which we discussed in *Brown v. Adult and Family Services, supra,* n 1, indicates that fee awards are appropriate "where the agency has been arbitrary," but it does not suggest that the exercise of our discretion is limited to such cases. Neither does the Supreme Court view our power under the statute as so restricted.[4] In its opinion in *Brown,* the court stated:

> "We conclude that *ORS 183.495 vests the* reviewing court, the *Court of Appeals, with broad discretion* in these cases. In adopting ORS 183.495, the legislature realized that it could not anticipate the wide variety of situations in which petitioners might prevail on judicial review, or decide *a priori* in which of these situations the granting of attorney fees would be appropriate. Therefore, it vested the Court of Appeals with the task of evaluation according to the general or specific situation presented. *The sparse legislative history of this statute suggests no clear standard for awarding attorney fees.* It indicates only that the legislature intended that fees be awarded in some cases, though not all, and that it intended the authority to serve as a deterrent to agency error." 293 Or at 11. (Emphasis supplied.)

Although the purposes of the statute have never been clearly articulated, we think that two functions may properly be ascribed to ORS 183.495. First, fee awards ought to serve as

---

[3] We adhere to our decision in *Wasco County v. AFSCME, supra,* that we will not award attorney fees in cases where the state agency's role in the proceeding has been solely that of a disinterested, adjudicative tribunal. The question enunciated in the remainder of this opinion will apply only to cases when the state agency has acted, as least in part, as a litigant.

[4] That court has said that we cannot categorically *refuse* to award a fee in certain types of cases. *Cook v. Employment Division, supra; Davidson v. Employment Division, supra.*

deterrents to groundless or arbitrary agency action. Second, the statute should operate to redress individuals who have borne unfair financial burdens defending against groundless charges or otherwise attempting to right mistakes that agencies should never have committed.

Bearing these two purposes in mind, we now turn to ORS 183.482, the statute governing our authority to reverse or remand the final orders of state agencies. Under subsection (7), we may remand an order for further agency action if we find that "the fairness of the proceedings or the correctness of the [agency] action may have been impaired" by a material procedural error or a failure to follow prescribed procedure. Subsection (8) of that statute allows us to reverse or remand an order if the agency "has erroneously interpreted a provision of law" or if "the order is not supported by substantial evidence in the record." Under that subsection we may also remand an order if the agency's exercise of discretion is outside the range of discretion delegated to the agency by law, inconsistent with an agency rule, policy, position or practice, or otherwise in violation of a constitutional or statutory provision.

A "reversal" represents a complete defeat, in this court, of the agency's position. Reversals are rare - the present case being one of only a few such dispositions made by this court in the last five years. Far more commonly, an agency order is *"reversed and remanded,"* either because there remains the possibility that the agency's proposed action may ultimately be justified, *see, e.g., Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, *rev den* (1974), or because some further agency action must occur, although its outcome is uncertain. *See, e.g., Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329 (1982). The guidelines that follow speak to each type of case of reversal or remand under ORS 183.482(7) and (8).

A. *Lack of Substantial Evidence (ORS 183.482(8)(c))*

■ In most cases when we reverse an agency order because it is not supported by substantial evidence, an award of attorney fees will be appropriate. While this may seem a harsh rule from the agencies' standpoint, we are convinced that it is warranted for two reasons. First, final orders are the product of contested case proceedings that are conducted by the agency. When the petitioner requests a hearing, the agency

gathers evidence to support its position and presents that evidence at the hearing. A hearings officer or other agency official presides over the hearing. After the hearing, if the result is adverse to the petitioner, the agency must prepare a written order including findings of fact that are based on the evidence in the record. *See* ORS 183.470. The agency's deep involvement at each stage of the process ought to make it very familiar with the evidence. It has both the authority and the obligation to examine the evidentiary predicate for its action. It can avoid this kind of error at any time up to the issuance of its order, and even beyond, without facing a possible award of an attorney fee. *See* ORS 183.482(6). Consequently, there seems to be no good excuse for an agency issuing an order unsupported by substantial evidence.

■ The second reason for awarding fees in cases of this type is the undemanding nature of the substantial evidence test. In *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1981), we explained the substantial evidence standard:

"* * * Substantial evidence is *'any reasonable evidence* or such proof as a reasonable mind would employ to support a conclusion.'" (Citation omitted.) (Emphasis supplied.) 47 Or App at 441.

Thus, paraphrasing *Cook,* we will reverse or remand for lack of substantial evidence only when an order is supported by *no reasonable evidence.* Given the agencies' extensive involvement in and control over the proceedings that result in final orders, an order completely lacking evidentiary support cannot be justified.

■ On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, there is more room for exercise of discretion. Generally speaking, if the lack of substantial evidence relates to a substantial portion of the agency's case, or to a large proportion of the facts found, so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to the contrary. *See, e.g., Johnson v. Employment Division, supra.* On the other hand, if the erroneous findings are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall

rarely - if ever - award a fee. *See, e.g., Palen v. State Bd. Higher Education, supra.*[5]

### B. *Erroneous Interpretation of Law (ORS 183.482(8)(a)).*[6]

■ Next, we consider the exercise of our discretion in cases when we have reversed or remanded an order because the agency has erroneously interpreted a provision of law. The errors in such cases fall into three categories: (1) reasonable, but erroneous interpretations of ambiguous statutes, (2) unreasonable interpretations of ambiguous statutes and (3) erroneous interpretations of unambiguous statutes.

■ With respect to the first category, *i.e.,* reasonable but erroneous interpretations of ambiguous statutes, an interpretation will be deemed "reasonable" even though it is wrong if the interpretation has some basis in the language or the legislative history of the statute, or if the interpretation is consistent with some stated purpose of the scheme of which the statute is a part. When we reverse or remand in such a case because we have concluded that a different interpretation is the correct one, an award of an attorney fee will serve neither of the purposes we have ascribed to ORS 183.495. A fee award will not deter similar actions in the future, because reasonable misinterpretations are mistakes made in good faith rather than reckless or intentional decisions to adopt erroneous constructions. There is also less of a "fairness" justification for attorney fees in such cases. We generally will not, therefore, award a fee when an agency has interpreted an ambiguous statute in a facially reasonable but erroneous manner.

■ Where, however, an agency has erroneously interpreted an unambiguous statute, or has given an ambiguous statute a meaning that has no basis in the statute's language, its legislative history, its purposes or its context in a statutory scheme, a fee award may well be warranted. Agencies should be encouraged to look carefully at the laws they administer before

---

[5] Also included in these two groups of cases are those where an agency's order does not logically follow from its findings of fact, although the findings themselves find arguable support in the record, *see, e.g., Wasson v. AFSD,* 59 Or App 634, 652 P2d 358 (1982), or where an essential fact has not been found or addressed, *see, e.g., Brady v. Bureau of Labor,* 55 Or App 619, 639 P2d 673 (1982).

[6] In this context, "law" includes both statutes and administrative rules. In this section of this opinion our references to "statutes" includes both statutes and administrative rules.

applying those laws to the public, and victims of an agency's patently unreasonable interpretation should not have to pay for their efforts to right the agency's wrong. *See, e.g., Schurman v. Bureau of Labor,* 36 Or App 841, 585 P2d 758 (1978). Thus, when we reverse or remand a final order because an agency has interpreted a statute in an unreasonable manner, we shall, as a general rule, award an attorney fee to a prevailing petitioner at least when it appears that the corrected view of the statute obtained by the petitioner may have a significant impact on the outcome of the case.[7]

## C. *Improper Exercise of Discretion (ORS 183.482(8)(b))*

Next, we consider the standards for exercise of our discretion to award attorney fees when we have remanded a final order because the agency has exercised its discretion (1) outside the range of discretion delegated by law to the agency, (2) in a manner inconsistent with an agency rule, policy, position or practice, or (3) otherwise in violation of a constitutional or statutory provision.

The range of discretion granted to an agency is a product of statute. Thus, an agency's exercise of discretion is an expression of the agency's interpretation of the extent of its statutory authority. Seen in this way, the agency's action involves an interpretation of law such as that discussed under ORS 183.482(8)(a). Erroneous exercises of discretion therefore will fall into the same three categories, *i.e.,* (1) reasonable but erroneous interpretations of ambiguous statutes granting discretion, (2) unreasonable interpretations of ambiguous statutes granting discretion and (3) erroneous interpretations of unambiguous statutes granting discretion. Our decision concerning petitions for attorney fees in these cases will parallel those under ORS 183.482(8)(a).

The exercise of discretion outside the range of discretion delegated by law to the agency may occur under any of the three sets of circumstances examined under ORS 183.428(8)(a). Our decision on an attorney fee will focus, first, on whether the statute concerning the range of authority is

---

[7] Also included under this heading may be cases when an agency has ignored a duty imposed by law. *See, e.g., Wyers v. Dressler,* 42 Or App 799, 601 P2d 1268, *rev den* 288 Or 527 (1980).

ambiguous. If not, we shall probably award a fee. If it is ambiguous, we may still award a fee if the agency's interpretation of its authority was unreasonable. Otherwise, we shall almost certainly deny any fee.

■ The exercise of discretion in a manner inconsistent with an agency rule, policy, position or practice is difficult to justify. The agency should be wholly familiar with such rules. Subject always to a demonstration by the agency that an award in a particular case would not serve either purpose of ORS 183.495, we shall generally award attorney fees in such cases.

■ The exercise of discretion in violation of a statutory or constitutional or statutory provision may properly be considered in two parts. Once again, the considerations governing the award of attorney fees for actions in violation of statutory provisions are enunciated in our discussion of ORS 183.482(8)(a). Actions in violation of a *constitutional* provision, however, will depend less on the ambiguity of the provisions in question—virtually all constitutional provisions, both state and federal, carry some degree of ambiguity—than on the clarity of the case law interpreting that provision. When the essential meaning of the provision is established by the case law, an agency will be deemed to know it. *See, e.g., Payne v. Department of Commerce,* 61 Or App 165, 656 P2d 361 (1983). In such cases, we generally shall consider favorably petitions for attorney fees. The contrary will normally be true where there is no clear decisional gloss on the constitutional provision in question.[8]

D. *Procedural Errors (ORS 183.482(7))*

■ Finally, we consider cases when we have remanded an order because the fairness or correctness of the agency's action may have been impaired by a material procedural error or by a failure to follow prescribed procedure. ORS 183.482(7). In our

---

[8] As we read ORS 183.495, the range of discretion afforded to us may even extend so far as to permit us to make an award of an attorney fee when a party achieves a completely new interpretation of a constitutional provision. This is sometimes called "acting as a private attorney general." *See, e.g., Deras v. Myers,* 272 Or 47, 66, 535 P2d 541 (1975). Assuming that our discretion extends so far, we shall, as a general matter, not exercise it to award fees in such cases. Our reasons are twofold: first, as a general rule, the petitioner's interest in the outcome will be predominantly personal; the benefit to the public, while it may be substantial, will be secondary to the petitioner's goals; second, there is no reason to believe that the agency would be deterred by such an award; it would therefore not serve that purpose underlying ORS 183.495.

experience, most procedural errors arise from some imprecision on the agency's part. In other words, the agency has simply failed to toe the procedural line as closely as the APA requires. *See, e.g., Cascade Forest Products v. Accident Prev. Div.*, 60 Or App 255, 653 P2d 574 (1982). While attorney fee awards might deter such procedural mistakes, the errors generally will not be so grievous that we will feel compelled, on fairness grounds, to compensate petitioners. Consequently, when procedural error is the sole reason for remand, we ordinarily will not award a fee. If, however, the procedural error appears to be willful on the agency's part, or the error is of constitutional magnitude, *see, e.g., Hammer v. OSP*, 283 Or 369, 583 P2d 1136 (1978), we will consider a fee award. Willful non-compliance with mandated procedures is deterrable, and the victim of such a wrong should not bear the expense of having that wrong corrected. Procedural violations of constitutional magnitude justify special scrutiny and consideration on our part.

In summary, these guidelines relate to petitions for attorney fees:

(1) We generally will award a fee when an agency order is not supported by substantial evidence.

(2) We generally will award a fee when an agency has erroneously interpreted an unambiguous statute or has interpreted an ambiguous statute in an unreasonable manner. We generally will not award a fee when an interpretation of a statute is wrong, but reasonable.

(3) We generally will award a fee when an agency has exceeded the scope of its discretion as a result of its unreasonable interpretation of a statute or regulation. We generally will also award a fee where an error results from an agency's ignorance of a statute or constitutional provision that limits the agency's discretion. We generally will not award a fee when an agency has exceeded the scope of its discretion due to an erroneous but reasonable interpretation of law.

(4) We generally will not award a fee when we remand a case because the agency has made a procedural mistake that may have adversely affected the fairness or correctness of the agency action. However, if the error appears to

be of constitutional magnitude, or appears to have been willful, we will look with favor on a petition for fees.

## PETITIONER'S FEE REQUEST

■■■ Having set forth the guidelines that we intend to apply to petitions for attorney fees made under ORS 183.495, we turn to the petition filed in this case. As noted above, we reversed the Board's order because there was no evidence to support it. Because the Board ought to be discouraged from bringing groundless license revocation actions or from proceeding with them after it is determined—as it should have been prior to the issuance of the final order in this case—that there was no evidentiary basis for proceeding further and because petitioner, who has borne the emotional and financial burdens of defending against just such an action, ought to be afforded some relief, we conclude that a fee award is appropriate.

Petitioner has asked for $80,213. That amount covers legal work done in three phases of the litigation. Phase I was petitioner's effort to have the Board disqualified for bias ($27,555). Phase II was the hearing before the Board ($18,395). Phase III was all "post-hearing" activity, including the appeal to this court ($34,263). We discuss the fee requests in that order.

■■■■ We will not award attorney fees for Phase I, because ORS 183.495 does not authorize such an award. The statute provides for fee awards only "upon judicial review of a *final order of an agency.*" (Emphasis supplied.) Phase I was petitioner's attempt, in circuit court, to disqualify the Board for bias before it had held a hearing on the license revocation charges. Petitioner prevailed in circuit court, but we reversed. *Van Gordon v. Ore. State Bd. of Dental Examiners,* 34 Or App 607, 579 P2d 306 (1978), *rev den* 284 Or 235 (1978), *cert denied* 441 US 907 (1979). That litigation would not have occurred had the Board not contemplated some administrative action, but petitioner's attempt to disqualify the Board was nonetheless a separate matter that did not involve judicial review of a final agency order. We can not read ORS 183.495 to authorize award of a fee for court proceedings ancillary to the administrative action that ultimately produces a reviewable final order.

 Phase II covers legal fees for the preparation and presentation of petitioner's defense before the Board. The Board argues that ORS 183.495 was intended to authorize awards only for fees directly related to judicial review of an agency action. In other words, in the Board's view, the statute does not authorize awards for fees generated by the administrative actions themselves.

We agree. An award is authorized in ORS 183.495 as part of the award of "costs." "Costs," in this context, can only reasonably be read to mean costs *in this court.* Because the attorney fee is a part of those costs, it is similarly limited.

Finally, Phase III includes fees for all the legal activity that occurred after the Board voted to revoke petitioner's license. Fees that arise from the review of agency action are clearly contemplated by the statute; an attorney fee award for the Phase III activities is permissible.

Having determined that *some* fee may be awarded under the statute's criterion and those further criteria affecting the exercise of our discretion, a final question still remains: *how much* of a fee?

 We have enumerated the factors applicable to an award of attorney fees in a civil case:

 (1) time devoted to the case;

 (2) difficulty and complexity of the issues involved;

 (3) nature of the proceedings;

 (4) value of the interests involved;

 (5) result secured;

 (6) skill and eminence of opposing counsel; and

 (7) skill and professional standing of the attorney requesting the fee award.

*Hess v. Seeger,* 55 Or App 746, 766, 641 P2d 23 (1982); *see also Newbern v. Gas-Ice Corporation,* 263 Or 250, 258, 501 P2d 1294 (1972). While *Hess* was a case involving an award of an attorney fee to a prevailing party as a matter of right, we nevertheless believe that the factors utilized in that case can be of assistance in setting fees in cases like the present one.

We recognize, as the state argues, that petitioner's total fee requested for this portion of the litigation is substantial. However, petitioner was compelled by the agency's action to hire counsel, and petitioner paid the going rate. In view of the complexities of the case, the amount of time expended was reasonable. The result achieved—reinstatement of a revoked license to practice a profession—was of inestimable value. The award does nothing more than reimburse petitioner for the money he actually and reasonably has been billed for obtaining judicial review in this court.

Petition for attorney fee allowed in the amount of $34,263.