On petitioner's petition for reconsideration for attorney fees filed on April 22, on
respondent's objection to petition for attorney fees filed May 13,
former opinion filed March 23, 1981 (51 Or App 307, 625 P2d 668 (1981)),
petition for attorney fee allowed June 22, 1983

## COOK,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

### (79-S-1442; CA 16099)

666 P2d 264

*See also* 47 Or App 437, 614 P2d 1193.

Robert A. Payne and David L. Slansky, Oregon Legal Services, McMinnville, for petition. With them was Tom Steenson, Oregon Legal Services, The Dalles.

James C. Rhodes, Assistant Attorney General, Salem, for respondent. With him were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case involving a petition for attorney fees under the Administative Procedures Act (APA) is before us on remand from the Supreme Court. *Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982). On reconsideration, we award an attorney fee of $300.

In the original judicial review proceeding, *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193, *rev den* 290 Or 157 (1980) (*Cook* I), petitioner sought reversal of an order of the Employment Appeals Board finding him ineligible for unemployment compensation benefits under ORS 657.100 and 657.155, liable under ORS 657.310 to repay benefits overpaid to him in the amount of $2,261 and disqualified pursuant to ORS 657.215 from receiving benefits for a period of 26 weeks for wilful failure to report a material fact in order to obtain unemployment compensation benefits. The Board had sustained the Division's argument that petitioner, a logger, had been gainfully employed from December 17, 1978, through April 28, 1979, although he had sought and received unemployment compensation for that period.

In his argument before this court, petitioner claimed that the evidence in the case showed, at most, that he had been employed during three weeks of the period in question. The Division, in its brief, conceded that point, and we agreed. 47 Or App at 440, 441-42. Petitioner's repayment obligation was thus reduced from $2,261 to $357. We further held that, in light of the corrected view of the facts, it was appropriate to require the Division to reconsider the imposition and extent of the disqualification penalty, although it was implicit in our holding that the Division could, in its discretion, reimpose the same one. 47 Or App at 444-45. We reversed the Board's order and remanded it for further proceedings. 47 Or App at 445.

Following our disposition of the case on the merits, petitioner sought an award of an attorney fee under ORS 183.495:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

We initially denied the petition for an attorney fee without opinion. On reconsideration, we once again denied award of a fee, this time by opinion. *Cook v. Employment Division,* 51 Or App 307, 625 P2d 668 (1981) (*Cook* II). We there held, in pertinent part:

"*  *  *[An] award of attorney fees under ORS 183.495, given the legislative history and purpose of that provision, [is] not warranted where the agency action [is] not an arbitrary one. The theory is that an award of attorney fees would be justified if the agency acts in an arbitrary or capricious manner, because the risk of incurring that additional expense would tend to deter such action.

"That rationale, however, is inappropriate when the agency is attempting to carry out its statutory duty of enforcing the Act it is established to administer. The risk of depleting its budget if, on judicial review, it is determined that the agency is wrong might tend to make the agency timorous in undertaking enforcement proceedings. *  *  *

"We hold, therefore, that as a general proposition an award of attorney fees in agency enforcement proceedings is inappropriate. *  *  *" 51 Or App at 309-311.

In other words, we held that we would generally not award attorney fees in agency enforcement cases, even when the agency's action that we reversed was arbitrary or capricious.

The Supreme Court disagreed with this formulation of the range of our discretion. In *Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982) (*Cook* III), the court reversed our decision in *Cook II,* stating:

"The effect of this ruling is that attorney fees under ORS 183.495 can be awarded only if the agency cannot offer even a colorable claim that it is operating under its statutory mandate. In justification of such a rule, the Court of Appeals stated that the threat of awards of attorney fees would make agencies timorous in enforcing their statutorily imposed duties. We think that an overstatement. We believe a rule can be fashioned which limits the award of attorney fees to appropriate cases. A rule effectively eliminating attorney fees is unnecessary.

"The court below concluded that its decision is consistent with the statutory mandate. We disagree. The legislature which enacted ORS 183.495 clearly intended that in some

cases there should be attorney fees. Had it felt that enforcement actions should not come under this standard, it could have made such an exemption explicit in ORS 183.495. It did not, and we think the Court of Appeals oversteps its bounds by inserting such an exemption by judicial fiat. * * * [T]here is no suggestion that the legislature intended to place agency enforcement actions under a different standard from that applied to other agency actions." 293 Or at 4-5.

The court reversed and remanded the case to this court "* * * for a ruling on the matter of attorney fees on a basis which is consistent with ORS 183.495." 293 Or at 5. The case is thus once again before us on petitioner's application for an attorney fee.

Prior to making our attorney fee decision, one preliminary question remains to be answered. The manner of our disposition of this petition in *Cook II* permitted us to avoid deciding whether it was appropriate to award an attorney fees when counsel for the petitioner was an employe of a quasi-public legal services corporation, Oregon Legal Services Corporation, rather than a private attorney. *See* 51 Or App at 311 n 3. We have since resolved that question in the affirmative. *Brown v. Adult and Family Services,* 51 Or App 213, 215-16, 625 P2d 160 (1981), *aff'd* 293 Or 6, 643 P2d 1266 (1982); *see also Goldhammer v. AFSD,* 63 Or App 587, 666 P2d 268 (1983). We turn now to the merits.

■ Petitioner succeeded in this case to a significant degree because the Division's decision was not supported by substantial evidence. ORS 183.482(8)(c). Contrary to our former holding in *Cook II, supra,* we now hold that the Division's decision to insist on repayment of a certain amount when, as it later acknowledged, it was only entitled to a small fraction of that amount, does justify an award of attorney fees, absent some significant countervailing consideration. As we explained in *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983):

"* * * [An] agency's deep involvement at each stage of the process ought to make it very familiar with the evidence. It has both the authority and the obligation to examine the evidentiary predicate for its action. It can avoid this kind of error at any time up to the issuance of its order, and even beyond, without facing a possible award of an attorney fee. *See* ORS 183.482(6). Consequently, there seems to be no good excuse for

an agency issuing an order unsupported by substantial evidence.

"* * * * *

"On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, there is more room for exercise of discretion. Generally speaking, if the lack of substantial evidence relates to a substantial portion of the agency's case, or to a large proportion of the facts found, so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee * * *. On the other hand, if the erroneous findings are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely — if ever — award fees * * *." (Citations omitted; emphasis in original.) 63 Or App 566-68.

Applying the *Van Gordon* criteria, we find that this is a case where the matter was reversed and remanded, but there was a significant lack of substantial evidence. The Division's decision in this case had two prongs: a factual one, which has been reversed almost entirely in this court, and a discretionary one which, as indicated earlier, must now be wholly reconsidered in light of this court's opinion. Under the *Van Gordon* criteria, this is a case when a fee is justified, absent some significant countervailing consideration.

■ We do not find any countervailing consideration in this case so significant that it would preclude altogether an award of an attorney fee. We continue to be concerned, as we indicated in *Cook II, supra,* that our awards could make an agency "timorous" in enforcement proceedings. Our awards in such cases must always be made with that concern in mind. Nonetheless, this case appears to have come to us in the main because of the agency's misconstruction of the facts—something it could readily have avoided. The award of a fee is appropriate.

■ The *amount* of the fee is another matter. Petitioner's victory, while doubtless significant to him, was relatively small monetarily. He remains responsible for paying some money to the agency. With the foregoing in mind, petitioner is awarded an attorney fee in the amount of $300. This award, however, is

contingent on counsel for petitioner filing with this court documentation showing that petitioner has obligated himself to pay any fee awarded for the services of counsel. *See Goldhammer v. AFSD, supra.*

Petition for attorney fee allowed.