On petitioner's petition for attorney fees filed February 5,
petition for attorney fees denied July 6, 1983

# BRADY,
*Petitioner,*

*v.*

# BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

### (2-79; CA A20220)

666 P2d 288

*See also* 55 Or App 619, 639 P2d 673.

Alan Viewig, Portland, for petition.

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Brady v. Bureau of Labor,* 55 Or App 619, 639 P2d 673 (1982), seeks an award of attorney fees pursuant to the Oregon Administrative Procedures Act (APA).[1] We deny the petition.

Our prior opinion in this case arose out of our review of an order entered by the Commissioner of the Bureau of Labor (Commissioner) against petitioner, finding that he was guilty of an unlawful employment practice in that he had refused on the basis of sex to hire a job applicant, Lehde, as a dental assistant. Pivotal to the Commissioner's order was the fact that, while Lehde's application for a job was pending, petitioner had offered a job to one Alcock, a man whom the petitioner found to be less qualified than Lehde. Alcock had, however, previously worked for petitioner. We said,

> "The one point requiring close scrutiny is petitioner's challenge to the Commissioner's finding that the attempted re-hiring of Alcock establishes unlawful discrimination. Alcock, less qualified than Lehde, had first been hired before Lehde applied for a job; he was later laid off for lack of work. Still later, with Lehde's job application pending, Alcock was offered a job again. He declined. We agree with petitioner that the fact of the offer of reemployment to Alcock, in light of the other facts the Commissioner found, does not necessarily establish unlawful discrimination.

> "The Commissioner found that Alcock was laid off due to lack of work. There is no suggestion that he was not competent in the work. If Alcock was offered a job because of prior, satisfactory performance, the attempt to re-employ him after a layoff had a legitimate, non-discriminatory purpose, *see Lewis and Clark College v. Bureau of Labor,* [43 Or App 245, 602 P2d 1161, *rev den* 288 Or 667 (1979)] and that act alone cannot constitute unlawful discrimination. On the other hand, if the offer to Alcock was not based upon his prior demonstration of

---

[1] This case, together with several others, has been held in abeyance pending our resolution of two other attorney fee cases remanded to us for reconsideration by the Supreme Court. *See Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982), *on remand Cook v. Employment Division,* 63 Or App 593, 666 P2d 264 (1983); *Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982), *on remand sub nom Davidson v. Employment Division,* 63 Or App 600, 666 P2d 261 (1983); *see, generally, Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983).

competence but was instead based upon an intent on petitioner's part to avoid hiring Lehde, petitioner is guilty of unlawful discrimination.

"The job offer to Alcock played a pivotal role in the Commissioner's decision, but neither her findings nor her reasoning identify or explain precisely what she found concerning the offer to Alcock. If she was of the opinion that the *fact of the offer* established discrimination, she was in error, given the other facts found in this case. If, on the other hand, she also found either (1) that Alcock was not qualified to do the work, or (2) he was qualified, but that is not why he was offered the job, she has not articulated those findings. Without them, the order entered here is insufficient." 55 Or App at 625-26. (Emphasis in original.)

In short, we remanded the case to the Commissioner, because the Commissioner had failed to find a fact necessary to the conclusion she had reached. The case was not reversed outright, however, but only reversed and remanded, because we believed the record would support the omitted finding should the Commissioner make such a finding on remand.

Petitioner's request for an attorney fee is based on ORS 183.495:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

We have recently and extensively reviewed the relationship of ORS 183.495 to our authority, under the APA, to reverse or remand a final agency order. *See, generally, Van Gordon v. Ore. State Bd. of Dental Examiners, supra,* n 1. We there said, concerning the exercise of our discretion in cases of this kind:

"On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of the agency's findings of fact, [or those findings, absent others not made, do not lead to the agency's legal conclusion,] there is more room for exercise of discretion. Generally speaking, if the lack of [connection between facts found and legal conclusions drawn] * * * relates to a substantial portion of the agency's case * * * so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to

the contrary. * * * On the other hand, if the erroneous findings [or conclusions drawn from those findings] are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely—if ever—award a fee. * * *" 63 Or App at 567-68. (Citations and footnote omitted; emphasis in original.) *See also Davidson v. Employment Division,* 63 Or App 600, 666 P2d 261 (1983).

Applying the *Van Gordon* guidelines to this case, we conclude that, while there is *some* possibility that petitioner may prevail on the merits on reconsideration, the likelihood is not so great that we consider an award of attorney fees appropriate. Put differently—we do not find the Commissioner's error to be so serious or to partake of such arbitrariness, that would make it appear that an award of fees would have a positive effect on agency practices.

Petition for attorney fee denied.