On petitioner's petition for attorney fees filed September 14, 1981,
petition for attorney fees denied July 6, 1983

BRITTON,
*Petitioner,*

*v.*

BOARD OF PODIATRY EXAMINERS,
*Respondent.*

(CA 18774)

666 P2d 290

Ridgway K. Foley, Jr., A. Allen Franzke, John R. Faust, Jr.
and Schwabe, Williamson, Wyatt, Moore & Roberts, Port-
land, for petition.

Dave Frohnmayer, Attorney General, William F. Gary,
Solicitor General, and Jan Peter Londahl, Assistant Attorney
General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young,
Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

Petitioner, the prevailing party in *Britton v. Bd. of Podiatry Examiners,* 53 Or App 544, 632 P2d 1273, *rev den* (1981), seeks an award of an attorney fee under the Administrative Procedures Act (APA). We decline to award a fee.

The original case was a judicial review of an order of the Board of Podiatry Examiners (Board) revoking petitioner's license to practice podiatry and refusing to renew it for subsequent years. We summarized the underlying facts leading to the Board's actions this way:

> "Petitioner is a specialist in ambulatory foot surgery, and a large part of his practice consists of outpatient treatment. On May 27, 1976, he removed bunions from both feet of his patient Brittner through surgery performed in his office. He treated the patient for a week at her home and thereafter in his office through October 25, 1976. Over the course of that period the patient developed osteomyelitis (an infection causing deterioration of the bone) and, finally, after consulting a second podiatrist, entered the hospital October 27 and had the diseased bone surgically removed." 53 Or App at 547.

The Board's order, which petitioner admitted contained correct findings of facts amounting to malpractice, held that petitioner was negligent in the following particulars:

(1) Administering inadequate—and, in one instance, unreasonably dangerous—antibiotics in treating the patient's condition.

(2) Failing to conduct periodic sensitivity tests to assure that the drugs being utilized continued to be effective against the kind of staph infection from which the patient suffered.

(3) Failing to monitor the patient's condition with periodic x-rays.

(4) Failing to supervise the patient's physical activities in order to minimize the chance that such activities would aggravate her problem.

(5) Failing to advise the patient of the need for surgery to correct her condition.

From the foregoing, the Board made conclusions of law that (1) petitioner's post-operative care of the patient constituted "repeated negligence," (2) petitioner's treatment of the patient "as a whole" showed a "conscious and wilful indifference" to the standards of the profession and (3) petitioner was grossly negligent in failing to warn the patient of the need for immediate hospitalization and surgery, which failure demonstrated "conscious and wilful indifference" to the rights of the patient.

Petitioner contended in this court, *inter alia*,[1] that the foregoing conclusions were simply a single case of negligence dressed up in three different ways. This court concluded that it could not determine, from the Board's order, whether the Board was repeating itself or had actually isolated three separate instances of impermissible conduct. We therefore remanded for clarification and for possible reconsideration of the sanction. 53 Or App at 556-57. *See McCann v. OLCC,* 27 Or App 487, 498, 556 P2d 973 (1976), *rev den* (1977); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). The present petition for attorney fees followed.[2]

Petitioner's request for an attorney fee is based on ORS 183.495:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

Our reversal and remand of the agency's action was pursuant to ORS 183.482(8)(c), which provides:

"(8)   * * *

"* * * * *

---

[1] Petitioner advanced several other contentions in this court some of which, had they succeeded, would have availed him more than the one under discussion. All of them failed.

[2] This case, together with several others, has been held in abeyance pending our resolution of two other attorney fee cases remanded to us for reconsideration by the Supreme Court. *See Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982), *on remand Cook v. Employment Division,* 63 Or App 593, 666 P2d 264 (1983); *Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266 (1982), *on remand sub nom Davidson v. Employment Division,* 63 Or App 600, 666 P2d 261 (1983).

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

Concerning our authority to make a discretionary award of attorney fees pursuant to ORS 183.495 in connection with a remand under ORS 183.482(8)(c), we have stated in *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983):

"\* \* \* [W]hen an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, there is more room for exercise of discretion. Generally speaking, if the lack of substantial evidence relates to a substantial portion of the agency's case, or to a large proportion of the facts found, so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to the contrary. *See, e.g., Johnson v. Employment Division,* [56 Or App 454, 642, 642 P2d 329 (1982)]. On the other hand, if the erroneous findings are minor or seem unlikely to affect the eventual outcome of the case on remand, we shall rarely - if ever - award a fee. *See, e.g., Palen v. State Bd. Higher Education, supra.*[5]

---

[5]

"Also included in these two groups of cases are those where an agency's order does not logically follow from its findings of fact, although the findings themselves find arguable support in the record, *see, e.g., Wasson v. AFSD,* 59 Or App 634, 652 P2d 358 (1982), or where an essential fact has not been found or addressed, *see, e.g., Brady v. Bureau of Labor,* 55 Or App 619, 639 P2d 673 (1982)." (63 Or App at 567-68; emphasis in original).

The present case is precisely the kind we referred to in footnote 5 in *Van Gordon:* All the findings are supported by substantial evidence, but the "agency's order does not logically follow from its findings of fact." On the other hand, the agency's error in connecting its findings of fact to its conclusions "seem[s] unlikely to affect the eventual outcome of the case on remand." In this and similar cases of remand under ORS 183.482(8)(c) and *McCann v. OLCC, supra,* and *Home*

*Plate, Inc. v. OLCC, supra,* where correction of the agency's error or errors appears unlikely to alter significantly the outcome of the case after remand, we will usually decline to make an award of an attorney fee.

Petition for attorney fee denied.